THE RECTOR, CHURCHWARDENS AND VESTRYMEN OF ST. MARK'S CHURCH, IN THE TOWN OF NEWCASTLE, APPELLANT, v. CHARLES G. TEED, RESPONDENT.

*Agreement to pay money to a person not a party to it — when an action thereon will lie in favor of such person.*

An application for the probate of the will of one Lewis T. Wright, made by the defendant, who was named therein as executor, was resisted by Thomas Wright, the brother and only heir-at-law and next of kin of the deceased. Thereafter an agreement was made by which Thomas withdrew his objection to the probate and the defendant signed a written agreement by which he agreed to give the sum of $500 to the plaintiff in this action. Thereupon the objection was withdrawn and letters testamentary were granted to the defendant.

*Held,* that the plaintiff was entitled to maintain an action upon the agreement, which had been assigned to it, to recover the said sum from the defendant.

APPEAL from a judgment dismissing the complaint entered in Westchester county upon the trial of this action by the court without a jury.

The action was brought upon a written promise or undertaking, signed by the defendant, by which he agreed to pay to the plaintiff $500. The defense was that the undertaking was without consideration and void. The defendant was the executor of the will of Lewis T. Wright, who died in or about the year 1875, and as such executor he propounded said will for probate before the surrogate of

Westchester county. Plaintiff is a religious corporation duly organized and existing under the laws of New York, and is the same corporation mentioned as payee in the written undertaking or promise sued upon in this action as St. Mark's Church, Newcastle, Westchester county. Thomas Wright, the only brother, heir-at-law and next of kin of said testator, had filed objections to the probate of said will. Thomas Wright was a churchwarden of the plaintiff, and he insisted that the testator had agreed to give $500 to the plaintiff. On April 14, 1875, the said contest respecting Lewis Wright's will was on trial before the surrogate of Westchester county, the parties being present with their counsel; the defendant desired that the contest be withdrawn, and a compromise was arranged by which Thomas Wright agreed to withdraw his opposition to the probate of the will upon condition that the defendant would pay to the plaintiff $500, in the manner, at the time, on the condition and for the purpose expressed in the obligation sued upon; to this the defendant agreed, and immediately executed and delivered his written obligation, upon which this suit was brought. Thereupon Thomas Wright withdrew his opposition, the will was immediately admitted to probate, and letters testamentary thereon were issued to defendant. The written undertaking of defendant was passed and delivered to the plaintiff, who now owns and holds it. Thomas Wright died September 20, 1882, and no agreement or instrument of any kind has been executed by the legatees of Lewis Wright to bind them to the performance of said agreement, instead of the defendant.

*Edwards & Odell,* for the appellant.

*Close & Robertson,* for the respondent.

BARNARD, P. J. :

The question so often made of a priority of contract between the promisor and the promisee is absent from this case. The promise is made by the defendant to the plaintiff. Even if the promise had been made to Wright, for the benefit of the plaintiff, an action would lie upon the promise, if founded upon a good consideration between the parties to the promise. (*Todd* v. *Weber,* 95 N. Y., 181.)

This case shows a promise made directly to the plaintiff upon a

consideration moving from Wright to Teed. Wright was the sole heir-at-law and next of kin of Lewis Wright, his brother. This brother had made a will giving legacies to a greater extent than could be paid out of the assets of the estate. The heir-at-law filed objections to the will, and among them that his deceased brother had agreed to give the church $500, to keep the burial grounds of the church in order. Teed was the executor of the will, and offered it for probate. The parties benefited by the will were, some of them, relatives of the deceased. Under this state of facts the executor and proponent of the will made a compromise. The consideration was good. If the promise had been made by the legatee to the contestant the consideration would have been good. (*Palmer* v. *North*, 35 Barb., 282.) This would stand upon the value of the withdrawal of the objection to the probate. If Wright, the contestant, could furnish a good consideration to the legatees, he could to a person who stood in the relation of executor, and personally made a promise to Wright, based upon the same consideration.

The judgment should, therefore, be reversed and a new trial granted; costs to abide event.

PRATT, J.:

It does not appear that Thomas Wright owed any debt or duty, or was under any obligation to the plaintiff. So that had the promise been made to Wright, for plaintiffs' benefit, the case would fall directly within the language of ALLEN, J., in *Vrooman* v. *Turner*, 69 New York, 283: "To give a third party, who may derive a benefit from the performance of the promise, an action there must be * * * some privity between the two the promisee and the party to be benefited." But in the case at bar the promise was made directly to the plaintiff.

The fact that the consideration moved from Wright is not important. Take the case where A lends money and receives a bond payable to B, can it be doubted that B can enforce the security? Wright was next of kin and heir-at-law. He, therefore, had abundant motive to desire to defeat probate of the will, and the withdrawal of his objections was an adequate consideration which moved from him to defendant. It is not needful to the validity of the contract that the consideration should be beneficial

to defendant. Yet, we think, his commissions as executor supply an abundant consideration, which may also be said of the benefit to his relatives, the legatees.

It follows that the plaintiff was entitled to recover, and the judgment in favor of defendants should be reversed and new trial ordered, with costs to abide the event.

DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.